889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred E. GRIZZELL, Plaintiff-Appellant,
v.
Ned McWHERTER, Governor; Steve Norris; Herman C. Davis;
Attorney General, State of Tennessee; District
Attorney General of Davidson County,
Defendants-Appellees.
 No. 89-5244.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Alfred Grizzell, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Grizzell sued various Tennessee officials under 42 U.S.C. Sec. 1983, claiming they violated his rights under the Interstate Agreement on Detainers Act when they caused him to be extradited to Tennessee from Florida in 1984 and to be convicted for armed robbery and kidnapping based on a 1976 indictment. The district court dismissed the action and subsequently denied plaintiff's motion for reconsideration. This appeal follows.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed Grizzell's action.
 
 
 4
 First, plaintiff's claims are time-barred. In Tennessee, actions brought under the federal civil rights statute are to be taken within one (1) year after the cause of action accrues. Tenn.Code Ann. Sec. 28-3-104. Grizzell's cause of action, if any, accrued in April of 1977 when he was returned to Tennessee from the state of Florida. Grizzell filed his complaint in October of 1988, some eleven years later. The state of Tennessee does not provide for tolling due to imprisonment. Clearly, plaintiff's cause of action was time-barred.
 
 
 5
 Upon further consideration, we conclude that even if Grizzell's claim were properly before the court, it was meritless. The protection afforded under the Interstate Agreement on Detainers Act is not invoked until a defendant specifically requests to be tried under the Act. See Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988), cert. denied, 109 S.Ct. 816 (1989). Grizzell did not make such a request. Hence, the claim was properly dismissed.
 
 
 6
 Finally, we note that these same allegations are already the subject of a habeas corpus petition filed by Mr. Grizzell under 28 U.S.C. Sec. 2254.
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.